UNITED STATES of America,
Plaintiff-Appellee,

v.

Kerry Edward KNOX, Defendant-
Appellant.

No. 72-2740.

United States Court of Appeals,
Ninth Circuit.

March 5, 1973.

Sol E. Scarantino, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., William J. Rathje and Michael Solner, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before ELY and GOODWIN, Circuit Judges, and SCHWARTZ, District Judge.*

PER CURIAM:

Kerry Edward Knox was convicted after a court trial for refusal to complete induction processing in violation of the Selective Service Act of 1967, 50 U.S.C. App. § 462.

Knox testified at the trial and the government submitted its case on his Selective Service file.

At the trial, Knox testified that he was afraid he would be arrested if he filled out USAREC Form 191–R, "Statement of Law Violations," as ordered (R. T. pp. 10–12). His refusal to complete Form 191–R resulted in his indictment.

---

* The Honorable Edward J. Schwartz, United States District Judge, Southern District of California, sitting by designation.

Knox urges three grounds for appeal:

1. the Selective Service file was improperly admitted into evidence;

2. there was no evidence that the defendant was properly warned of the consequences of his actions as required by AR 601–270 and due process; and

3. the defendant's refusal to cooperate was within the Fifth Amendment privilege against self-incrimination.

■ It is established in this Circuit that an authenticated copy of a registrant's Selective Service file is properly admissible into evidence. United States v. Lloyd, 431 F.2d 160 (9th Cir., 1970) cert. denied 403 U.S. 911, 91 S.Ct. 2210, 29 L.Ed.2d 688 (1971).

■ The defendant's testimony to the effect that he was not informed of the consequences of his failure to complete Form 191–R was not believed by the trial court. (R.T. pp. 13–14, 35.) Furthermore, at pages 28 and 29 of the Selective Service file, there is evidence, in the form of statements by personnel at the Armed Forces Examining and Entrance Station, that Knox was warned of the consequences of his failure to complete induction processing as required by AR 601–270.

■ The trial court found that Knox's fear of self-incrimination was "inherently incredible" (R.T. 35). Form 191–R does not request information on offenses known only to the registrant or require details not already of public record. It requires only that the registrant list the date, place and disposition of offenses for which the registrant has been "arrested, cited, charged or held." The credibility of the defendant's claimed fear of self-incrimination is undercut by his testimony that he went to the Armed Forces Examining Station with the intent to refuse to complete any forms, and that this intent was formed with the advice of counsel (R.T. 14, 15).

It is clear from an examination of the transcript and Selective Service file that there is substantial evidence to support the trial court's finding of guilt.

The judgment is affirmed.